IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TERRY JONES,                                                                                          Plaintiff

v.                                                                         Civil Action No. 3:05cv99-EMB

JO ANNE B. BARNHART,
Commissioner of
Social Security,                                                                                      Defendant

**MEMORANDUM OPINION**

Plaintiff, Terry Jones, seeks judicial review pursuant to Section 405(g) of the Social Security Act (the "Act") of an unfavorable final decision of the Commissioner of Social Security Administration (the "Commissioner"), regarding his claim for Social Security Disability Insurance Benefits. The parties in this case have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.

**Procedural History**

Plaintiff protectively filed an application for disability benefits under Title II on January 20, 2004, alleging a disability onset date of January 8, 2002. (Tr. 75-77, 82). The application was denied initially and on reconsideration. (Tr. 40-52).

In a hearing decision dated February 11, 2005, an administrative law judge ("ALJ") found plaintiff was not disabled as defined in the Act. (Tr. 14-20).

The ALJ's hearing decision became perfected as the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on June 25, 2005. (Tr. 5-7). The ALJ's final hearing decision is now ripe for review under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**Facts**

Plaintiff, Terry L. Jones, was born on March 8, 1949. (Tr. 75, 78). He was nearly 55 years old, "approaching advanced age," when he applied for benefits and was 55 years old when the ALJ's decision was rendered in this case.

Plaintiff graduated from high school in 1967 and served in the U.S. Military from January 1967 to January 1973. (Tr. 75, 102). From December 1971 to January 2002, plaintiff worked as a service technician for a telephone company. (Tr. 98, 104, 105).

Plaintiff alleged he could no longer work due to back pain. (Tr. 97). After review of the medical evidence of record, plaintiff's testimony at the hearing and the testimony of a vocational expert ("VE"), the ALJ found plaintiff was not disabled. (Tr. 17-23). The ALJ found plaintiff had the residual functional capacity ("RFC") to perform sedentary work activity. (Tr. 19). More specifically, he found plaintiff could lift ten pounds occasionally and less amounts frequently, stand or walk for two hours in an eight-hour work day, sit for six hours in an eight-hour work day, and could perform occasional postural activities. (Tr. 17, 19).

**Standard of Review**

This Court reviews the Commissioner's/ALJ's decision only to determine whether it is supported by "substantial evidence" on the record as a whole and whether the proper legal standards were applied. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). Furthermore, in applying the substantial evidence standard, this Court scrutinizes the record to determine whether such evidence is present. This Court will not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Id.*,

citing *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989); *see also Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001).

**Law**

To be considered disabled and eligible for benefits, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 to 404.1599 & Appendices, §§ 416.901 to 416.998 1995. The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.[1] *Id.* §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.

---

[1]The five-step analysis requires consideration of the following:

First, if the claimant is currently engaged in substantial gainful employment, he or she is found not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, if it is determined that, although the claimant is not engaged in substantial employment, he or she has no severe mental or physical impairment which would limit the ability to perform basic work-related functions, the claimant is found not disabled. *Id.* §§ 404.1520(c), 416.920(c).

Third, if an individual's impairment has lasted or can be expected to last for a continuous period of twelve months and is either included in a list of serious impairments in the regulations or is medically equivalent to a listed impairment, he or she is considered disabled without consideration of vocational evidence. *Id.* §§ 404.1520(d), 416.920(d).

Fourth, if a determination of disabled or not disabled cannot be made by these steps and the claimant has a severe impairment, the claimant's residual functional capacity and its effect on the claimant's past relevant work are evaluated. If the impairment does not prohibit the claimant from returning to his or her former employment, the claimant is not disabled. *Id.* §§ 404.1520(e), 416.920(e).

3

1994); *Moore v. Sullivan*, 895 F.2d 1065, 1068 (5th Cir. 1990). The five-step inquiry terminates if the Commissioner finds at any step that the claimant is or is not disabled. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

The claimant has the burden of proof under the first four parts of the inquiry. *Id*. If he successfully carries this burden, the burden shifts to the Commissioner to show that other substantial gainful employment is available in the national economy, which the claimant is capable of performing. *Greenspan*, 38 F.3d at 236; *Kraemer v. Sullivan*, 885 F.2d 206, 208 (5th Cir.1989). When the Commissioner shows that the claimant is capable of engaging in alternative employment, "the ultimate burden of persuasion shifts back to the claimant," *Id*.; *accord Selders*, 914 F.2d at 618.

The Court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) his age, education, and work history," *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

**Analysis**

In his Brief, plaintiff identifies three issues for this appeal: 1) whether the ALJ's finding

---

Fifth, if it is determined that the claimant cannot return to his or her former employment, then the claimant's age, education and work experience are considered to see whether he or she can meet the physical and mental demands of a significant number of jobs in the national economy. If the claimant cannot meet the demands, he or she will be found disabled. *Id*. §§ 404.1520(f)(1), 416.920(f)(1). To assist the Commissioner at this stage, the regulations provide certain tables that reflect major functional and vocational patterns. When the findings made with respect to claimant's vocational factors and residual functional capacity coincide, the rules direct a determination of disabled or not disabled. *Id*. § 404, Subpt. P, App. 2, §§ 200.00-204.00, 416.969 (1994)("Medical-Vocational Guidelines").

4

that his back impairment did not meet or equal the requirements of Listing 1.04A is based on substantial evidence; 2) whether the ALJ's RFC assessment is based on substantial evidence; and 3) whether the Commissioner failed to meet her burden of establishing that there was other work in the national economy plaintiff could perform. *See* Plaintiff's Brief at p. 1. The Court will now address these issues seriatim.

*Issue One*

Plaintiff essentially argues the evidence of record supports a finding that his back impairment met or at least equaled the requirements of Listing 1.04A. Plaintiff's Brief at p. 8. Plaintiff attempts to establish this argument by pulling medical evidence from the record he feels supports such a finding. However, it is necessary here to remind plaintiff that it is not the province of this Court to reweigh the evidence in this case. This Court need only determine whether substantial evidence in the record supports the ALJ's determination. And, in this instance, there is more than enough evidence in support of the ALJ's finding that plaintiff's back impairment failed to meet or equal the requirements of Listing 1.04A.

Medical Listing 1.04A requires evidence of a spinal disorder resulting in compromise of a nerve root or the spinal cord, evidence of nerve root compression, motor loss accompanied by sensory or reflex loss and a positive straight-leg raising test. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04A. In August 2003, Dr. Ernest Lowe found plaintiff had normal X-rays, equal reflexes and negative straight leg raises. (Tr. 122). He opined that there was possibly only a "mechanical perhaps small disc injury." *Id.* Plaintiff was ordered to continue on anti-inflammatories and to continue his walking regimen. *Id.* Later, in September 2003, though plaintiff's MRI revealed mild degenerative changes, there was no neural compression. (Tr. 116, 151-2). And, upon completion of a neurologic examination, there was indication of a possible

5

hyper-mobile sacrum; but there was no radiculopathy or myelopathy. Of a consultative examination conducted by Dr. William W. Mayers in May 2004 (on which plaintiff chiefly relies), it was reported that plaintiff complained of pain while squatting and could not walk on his heels or toes. Yet, Dr. Mayers reported no positive straight leg raises and there was no unusual gait, loss of range of motion or sensory or reflex loss. (Tr. 145-7).

Plaintiff's suggestion that the ALJ's determination rests on Dr. William Hand's February 2004 findings to the exclusion of Dr. Mayers' findings and other evidence added to the record after February 2004 is clearly without merit. *See* Plaintiff's Brief at p. 10 and Reply Brief at p. 2. As plaintiff correctly notes, Dr. Hand found plaintiff's impairments were not severe. Plaintiff's Brief at p. 10. However, plaintiff overlooks the fact that the ALJ indeed discounted Dr. Hand's conclusion and found plaintiff's back impairment to be severe. (Tr. 16). Moreover, the ALJ specifically considered Dr. Mayers' and Dr. Hunt Bobo's findings, and pointed out that they included no evidence of spinal cord disorder or radiculopathy or nerve compression. *Id.*

Finally, it should be noted that most of the "conflicts" in the evidence pointed out by plaintiff in his Reply Brief are simply without merit upon a fair reading of the record. Plaintiff's Reply Brief at pp. 1-2. Moreover, it is the job of the ALJ to resolve any conflicts in the evidence; and I find the ALJ did precisely that in concluding plaintiff had a severe back condition albeit not one that met or equaled the Listings. Based on this, plaintiff's Issue One is without merit; and I find substantial evidence supports the ALJ's determination that plaintiff's back impairment did not meet or equal Listing 1.04A.

*Issue Two*

As pointed out above, the ALJ found plaintiff retained the ability to perform sedentary work. Plaintiff argues that because the record does not included any RFC assessment from a

6

physician, the ALJ's RFC assessment is not based on substantial evidence. Plaintiff's Brief at p. 10-14. Plaintiff is clearly wrong.

Determining a plaintiff's residual functional capacity is the ALJ's responsibility. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir.1994). The ALJ has the authority and duty to weigh the evidence and reach any conclusion that is supported by substantial evidence. *Holman v. Massanari*, 275 F.3d 43, 43 (5th Cir.2001); *Chaparro v. Bowen*, 815 F.2d 1008, 1011 (5th Cir.1987). Despite this, the Commissioner does not have the burden of proving RFC.

In this case, the ALJ considered all the relevant evidence. The ALJ's opinion shows he considered plaintiff's subjective complaints and found them to be only partially credible. (Tr. 17). The ALJ pointed out that treatment records contained absolutely no restrictions on plaintiff's ability to work and in no way endorsed plaintiff's claim of disability. *Id.* An ALJ is in the best position to determine if a plaintiff's subjective complaints are exaggerated and not credible, especially if the ALJ finds the medical evidence more persuasive than a plaintiff's own testimony. *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir.1994).

Next, the ALJ considered the opinions of plaintiff's physicians. The ALJ stated that the findings that should result from plaintiff's symptoms were not present in the medical records. (Tr. 17.). Moreover, there were no findings of myelopathy, radiculopathy, sensory loss or abnormal range of motion loss. *Id*. The ALJ pointed out that plaintiff's physicians prescribed physical therapy, exercises, chiropractic manipulation, etc., which revealed that plaintiff was left with "the capacity for significant physical functioning." *Id.* Indeed, the ALJ afforded plaintiff the benefit of the doubt by finding he retained the RFC for only sedentary work in the face of a record that contained absolutely no exertional restrictions assigned by plaintiff's doctors. *Id*. at 18.

Plaintiff's reliance upon this Court's ruling in *McGlothan v. Barnhart* is misplaced. *See* Plaintiff's Reply Brief at p. 4. In that case, this Court found there was absolutely no competent evidence upon which the ALJ's RFC determination could have been based. The ALJ in that case determined plaintiff retained the RFC for light work, yet there was no medical evidence in the record from an examining or treating physician regarding plaintiff's physical capabilities. Furthermore, that ALJ failed to include a narrative discussion of how each piece of evidence, medical or nonmedical, supported his RFC assessment. Because the ALJ in this case made the requisite RFC analysis, and there is sufficient evidence from examining physicians in this case indicating there were very little restrictions on plaintiff's physical ability to perform work activity, I find substantial evidence in the record supports the ALJ's RFC determination.

*Issue Three*

Lastly, plaintiff argues the Commissioner failed to meet her burden of proving there was other work in the national economy plaintiff could perform. Specifically, plaintiff contends considering his advanced age, the ALJ's finding that he had the transferable skills to perform the job of "trouble locator" was erroneous. Additionally, plaintiff essentially contends the ALJ's decision was not supported by substantial evidence because the hypothetical question presented to the VE included a flawed RFC.

As an initial matter, the Court has already settled the issue regarding the ALJ's RFC finding, and this portion of plaintiff's argument is without merit. As regards the other portion of plaintiff's argument, I find it equally deficient in merit.

When an individual older than 55 limited to sedentary work has skills transferable to sedentary occupations, there must be very little, if any, vocational adjustment required in terms of tools, work processes, work settings or the industry. *See* 20 C.F.R. § 404.1568(d)(4). The ALJ,

however, relied on the VE's testimony as to the relatively minimal need for adjustment to the suggested employment in concluding that plaintiff's skills were transferable. (Tr. 200-6). The VE testified that considering plaintiff's RFC, age and work experience and transferable skills, he could perform the job of trouble locator in the telephone industry. (Tr. 204-5). The VE went on to testify that 850,000 such jobs existed in the national economy, and 1600 existed locally. *Id*. at 204. Plaintiff makes much about the fact that the ALJ failed to ask the VE about the "work processes" for the job of trouble locator. Plaintiff further suggests that because he would have to use a computer with this job, a tool that was not required for his past work, the VE's testimony was questionable.

Notwithstanding plaintiff's counsel's being present during the administrative hearing, he asked the ALJ for clarification on whether the VE had testified that plaintiff would not have to make a "little" adjustment in the way of tools and "work processes." (Tr. 206). The ALJ replied that the VE's answer was no. *Id.* After receiving that answer, plaintiff's counsel decided not to pursue the matter any further. As such, plaintiff's counsel was provided an opportunity at the administrative hearing to cross-examine the VE in detail and challenge her answer regarding the extent of any adjustment plaintiff would have to make as a trouble locator, but failed to do so. *See Boyd*, 239 F.3d at 707; *see also Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir.1994) (when a hypothetical question reasonably incorporates all of the 'disabilities' found by the ALJ, and claimant's representative was provided an opportunity to "correct any defect" about additional limitations, the hypothetical question is sufficient). [2] Accordingly, the ALJ made no error in relying on the VE's expert testimony that plaintiff could perform the job of trouble locator.

---

[2]Plaintiff's argument that the ALJ's hypothetical question was flawed because it did not include a "sit stand option at will" is without merit for this additional reason. Plaintiff's counsel had sufficient opportunity to point out this alleged flaw but failed to do so.

At this point, the burden shifted to plaintiff to show that he was unable to perform the job of trouble locator.  Ultimately, plaintiff failed to produce any evidence supporting the conclusion that he was unable to perform this job.  The Fifth Circuit has held that "where the claimant offers no evidence contrary to the VE's testimony, the claimant fails to meet his burden of proof under the fifth step of the disability analysis."  *Perez v. Barnhart*, 415 F.3d 457, 464 (5th Cir. 2005). Accordingly, substantial evidence supports the ALJ's finding that plaintiff was capable of performing sedentary work.  *See Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002).

For the foregoing reasons, the decision of the Commissioner should be affirmed.  A final judgment consistent with this Opinion shall be entered separately.

**THIS** 21st day of September, 2006.

          **/s/ Eugene M. Bogen**
          **UNITED STATES MAGISTRATE JUDGE**